UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JALAL-UDDIN SAEED, ET AL | : | DOCKET NO. 2:12-CV-2278-PM-KK |
| VS. | : | JUDGE MINALDI |
| BENNETT-FOUCH ASSOCIATES, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is defendant Sarah Helen Mithcham Lee's ("Lee") Motion to Dismiss or Alternative Motion for Summary Judgment [Doc. 131]. Also before the court is the plaintiffs, Associates in Development, Daniel Fouch, and Jalal-Uddin Saaed's Notice of Dismissal [Doc. 137] and Lee's Motion to Strike the Notice of Dismissal [Doc. 138]. For the foregoing reasons, the plaintiffs' request to dismiss the case is DENIED, Lee's Motion to Strike the Notice of Dismissal is GRANTED, and the plaintiffs are directed to file a response to Lee's Motion to Dismiss or Alternative Motion for Summary Judgment within twenty-one (21) days of the issuance of this ruling.

### BACKGROUND

The plaintiffs initially filed this case in the Northern District of Texas against Bennett-Fouch Associates, LLC, Lee, Daniel Fouch, Donnie Bennett, Dennis Mitcham, K-5 Global, and "Does 1-10."[1] The plaintiffs voluntarily dismissed K-5 Global, and the court subsequently

---

[1] Compl., [Doc. 1], Amended Compl., [Doc. 69].

1

dismissed Donnie Bennett[2] and Daniel Fouch[3] after they filed successful motions to dismiss based on lack of personal jurisdiction and for failure to state a claim, respectively. While it has not been dismissed from this case, Bennett-Fouch Associates has filed a "Suggestion of Bankruptcy."[4] Dennis Mitcham has never filed an answer or any responsive pleadings.[5] Thus, Lee appears to be the only truly "active" defendant in this case.

On October 12, 2011, Lee filed a Motion to Dismiss for Lack of Personal Jurisdiction,[6] and then later amended her motion after some discovery had been conducted.[7] In her motion, she primarily argued for dismissal based on Northern Texas' lack of personal jurisdiction over her, but also noted that transfer to the U.S. Bankruptcy Court in the Western District of Louisiana would be proper and "efficient."[8] Her three reasons justifying transfer were that the plaintiffs were already in the process of collecting against the bankruptcy estate of K-5 Global in the Western District of Louisiana, Lee had participated in the bankruptcy case on K-5's behalf, and Louisiana had personal jurisdiction over her because she was a Louisiana resident.[9]

On August 28, 2012, the Northern District of Texas granted Lee's Motion to Dismiss for Lack of Personal Jurisdiction.[10] In the order, instead of dismissing the case without prejudice and instructing the plaintiffs that they could re-file, or else transferring the case, the court

---

[2] Order Granting Donnie Bennett's Rule 12(b)(2) Mot. to Dismiss, [Doc. 38].

[3] Order Granting Daniel Fouch's Rule 12(b)(6) Mot. to Dismiss, [Doc. 121].

[4] Bennet-Fouch Suggestion of Bankruptcy, [Doc. 10].

[5] *See generally* Docket Sheet for case no. 2:12-CV-2278.

[6] Mot. to Dismiss for Lack of Jurisdiction, [Doc. 39].

[7] Amended Mot. to Dismiss for Lack of Jurisdiction, [Doc. 72].

[8] [Doc. 72] at pg. 28.

[9] *Id.*

[10] Order Granting Mot. to Dismiss and Transferring Case, [Doc. 122].

simultaneously "dismissed [the action] without prejudice" and ordered transfer of the case to the Western District of Louisiana, Lake Charles Division.[11] It noted that transfer was proper because "Ms. Lee is a citizen of Louisiana and K5 Global is a Louisiana corporation . . . [g]iven that Ms. Lee has requested this matter be transferred, transfer will be effectuated."[12] The case was transferred to this court on August 29, 2012.[13]

Due to the confusion on whether Lee was still a party to this action after the Northern District of Texas' order, Lee filed a Motion to Dismiss or Alternative Motion for Summary Judgment with this court on September 13, 2012.[14] A few weeks later, on October 9, 2012, the plaintiffs filed a Joint/Voluntary Motion to Dismiss this case under Fed. R. Civ. P. 41(a)(1).[15] Lee opposed this motion, filing a Motion to Strike Plaintiffs' Notice of Dismissal, arguing that the plaintiffs could not voluntarily dismiss their action because she had become "actively engaged in the defense of [her] suit" since she had filed the Motion to Dismiss or Alternative Motion for Summary Judgment.[16]

The plaintiffs then filed a response, arguing that the Northern District of Texas had dismissed this case without prejudice, and that the parties had only continued filing documents with this court in order to finish briefing on a pending motion for attorney's fees presently before

---

[11] *Id.* at pg. 7.

[12] *Id.* Upon transfer, the parties finished briefing on a Motion for Attorney's Fees, which had been filed on August 15, 2012 (right before transfer), and which is currently pending before Magistrate Judge Kay. Pls.' Mot. for Att'y's Fees and Costs, [Doc. 118].

[13] Note of District Case Transfer, [Doc. 123].

[14] Lee's Mot. to Dismiss or Alternatively Mot. for Summ. J., [Doc. 128]. As the pleading was deficient, Lee filed a corrected motion on September 24, 2012 [Doc. 131].

[15] Pls.' Joint/Vol. Mot. to Dismiss, [Doc. 137].

[16] Lee's Mot. to Strike Pls.' Mot. to Dismiss, [Doc. 138]. Fed. R. Civ. P. 41(a)(1)(A)(i) states that "an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . "

3

Magistrate Judge Kay.[17] The plaintiffs contended that because the Northern District of Texas had dismissed the case without prejudice and they had not re-filed their claims against her in this court, Lee's subsequent Motion to Dismiss or Alternative Motion for Summary Judgment was a "nullity," and thus voluntary dismissal of all parties was proper under Rule 41(a)(1)(A)(i) since no defendant had ever filed an answer and Lee's summary judgment motion was null.[18]

In Lee's reply, she argues that her summary judgment motion is not null, because the Northern District of Texas' dismissal and transfer of the case essentially meant that the "Plaintiffs' complaint was re-filed in the Western District of Louisiana," which revived the plaintiffs' claims against Lee and required her to timely either file an answer or a motion to dismiss/motion for summary judgment.[19] She argues that the plaintiffs' claims against her survived dismissal and transfer because the Northern District of Texas' order "was only interlocutory" and did not "expressly direct the entry of judgment in favor of Defendant Lee" or count as a "decision on the merits."[20] Relying on Fed. R. Civ. P. 54(b), she argues that because the plaintiffs did not ask the court to issue a Rule 54(b) certificate making the Northern District of Texas' ruling on Lee final, both the plaintiffs' claims against Lee and Lee's claims against the plaintiffs remain before this court.[21]

---

[17] Resp. To Lee's Mot. to Strike, [Doc. 147], at pg. 1.

[18] *Id.*, at pgs. 1-2.

[19] Lee's Reply to Pls.' Resp. to Mot. to Strike, [Doc. 148], at pg. 2. Assuming that the transfer of the case "revived" Lee's claims, Lee timely filed her motion within the 21 day limit to serve a response. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

[20] *Id.* at pg. 4-5.

[21] *Id.* Fed. R. Civ. P. 54(b) reads:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the

## LAW AND ANALYSIS

I. **There is a Live Controversy between the Parties Following the Northern District of Texas' Order, and thus Dismissal Under Rule 41(a)(1) is not Possible**

First, the undersigned will address whether a live controversy remains between Lee and the plaintiffs. Despite the confusing procedural posture within the transfer order, it appears that the Northern District of Texas' intent was to simply indicate that it did not have personal jurisdiction over Lee before transferring the case to this court (which does have jurisdiction over Lee).[22] This is evidenced by the language immediately preceding the directive to transfer the case:

> The Court has dismissed Mr. Bennett and Mr. Fouch from this suit. *Ms. Lee is a citizen of Louisiana and K5 Global is a Louisiana corporation.* Plaintiffs are citizens of Afghanistan. *Thus, they can pursue the relief they seek in Louisiana as easily as they can pursue that relief in Texas.* Moreover, Plaintiffs have already appeared through Louisiana counsel in K5 Global's bankruptcy case and filed an adversary proceeding related to the dischargeability of the very debt at issue in this suit and filed a proof of claim for the exact debt that is the subject of this case. Given that Ms. Lee has requested this matter be transferred, transfer will be effectuated.[23]

Further, the undersigned agrees with Lee that dismissing her for lack of personal jurisdiction without prejudice is not a final disposition of the claims against Lee: the Northern District of Texas did not reach the merits of the plaintiffs' claims against Lee, but instead simply found that jurisdiction was not proper in Texas. Under Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may

---

claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[22] While the court did not indicate what transferring mechanism it was using in effectuating the transfer, most likely the proper mechanism would be 28 U.S.C. § 1406(a).

[23] [Doc. 122] at pg. 7 (emphasis added). The undersigned notes that while Lee requested transfer to the bankruptcy court here in Lake Charles, and the Northern District of Texas' order discusses Lee's participation in K-5's bankruptcy proceedings (case no. 2:11-20393 before Chief Judge Summerhays), this case was transferred to this court instead. As neither party has motioned this court to have this case consolidated with K-5's bankruptcy proceedings, the undersigned will not address whether transfer is proper and whether the bankruptcy court can exert jurisdiction over Lee.

5

direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Here, the plaintiffs never asked for a Rule 54(b) final judgment on Lee after the Northern District of Texas' order. The Ninth Circuit case *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004), is instructive on this issue. In *Special Investments*, the Ninth Circuit found that a district court's order which dismissed one of several defendants for lack of personal jurisdiction was not final and appealable, given the absence of an express determination by the district court that there was no reason for delay and an express direction by the district court for entry of judgment in favor of the dismissed defendant. *Id.* at 993. In this case, while the case has technically arrived in the Western District of Louisiana via transfer instead of via an appeal, the same reasoning should apply: an order dismissing a defendant for lack of personal jurisdiction, particularly in the absence of a Rule 54(b) judgment, is not a final disposition of the merits of the plaintiffs' claims against Lee. Further, the procedural mechanism that "dismissed" Lee in the first place (lack of personal jurisdiction) is now moot because the case is in a court which the defendant acknowledges has jurisdiction over her.

As the Northern District of Texas' order simply acted as a way to transfer the case, the claims against Lee in this case remain live. Since she has filed a Motion for Summary Judgment, unilaterally dismissing Lee without prejudice from the case under Rule 41(a)(1)(A)(i) is not possible. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

## II.     Because it would Unduly Prejudice Lee, Dismissal under Rule 41(a)(2) is Improper

For the first time, in their response to Lee's motion to strike, the plaintiffs argue in the alternative that the court should dismiss this action under Fed. R. Civ. P. 41(a)(2).[24] The Fifth

---

[24][Doc. 147] at pg. 2.

6

Circuit explained the standard for granting a Rule 41(a)(2) motion as follows:

> The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation. Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. 9 Wright & Miller, Federal Practice & Procedure: Civil, s 2364, at 165 (1971).
>
> When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. 9 Wright & Miller, Federal Practice & Procedure: Civil, ss 2362, 2364, at 149, 165 (1971). Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm. *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974), quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967), recited the law to be applied in this Circuit:
>
>> (We) follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. (Emphasis in original).

*LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)

There is no set formula for balancing a court's discretion on a Rule 41(a)(2) determination, although there are several factors that district courts in the Fifth Circuit take into account. These factors include (1) when in the course of the litigation the plaintiff files the motion; (2) whether the suit is still in pretrial stages; (3) whether the parties have filed numerous pleadings and memoranda; (4) whether the parties have attended conferences; (5) whether there are prior court determinations adverse to the plaintiff's position; (6) whether hearings have been held; (7) whether any defendants have been dismissed on summary judgment; and (8) whether the parties have undertaken significant discovery; (9) and, whether dismissal would preclude the court from deciding a pending case or claim-dispositive motion. *See, e.g., Kelly v. Eli Lilly and Co.*, no. 09-4470, 2011 WL 1527008 (E.D. La. April 20, 2011) (listing factors to consider in

light of Rule 41(a)(2) motion); *McKesson Corp. v. Syracuse Hematology Oncology*, P.C., 2008 WL 3992301 (N.D. Tex., Aug. 27, 2008) (same).

Here, the undersigned finds that the extensive progress in this case warrants denial of dismissal pursuant to Rule 41(a)(2). This case was initially filed in May 2011. Since then, the parties have undergone extensive discovery and deposed Lee.[25] Two other defendants have filed successful motions to dismiss.[26] Lee and the plaintiffs have fully briefed a motion for attorney's fees.[27] The plaintiffs filed their voluntary notice of dismissal[28] a scant few weeks after Lee filed her motion for summary judgment.[29] Allowing the plaintiffs to dismiss this case without prejudice after so much time has elapsed and immediately following the filing of a motion for summary judgment would constitute plain prejudice against Lee. Thus, the plaintiff's request for dismissal under Rule 41(a)(2) is also denied.

## CONCLUSION

Because the undersigned has determined that there is still a live controversy between the plaintiffs and Lee, Lee's Motion to Dismiss or Alternative Motion for Summary Judgment is ripe for review. As per the court's usual motion schedule for Motions to Dismiss and Motions for Summary Judgment, the plaintiffs will be given twenty-one (21) days from the issuance of this order to file a response. Further, Lee's Motion to Strike the Notice of Removal is granted, and the plaintiffs' Notice of Voluntary Dismissal is stricken from the record.

---

[25] [Doc. 148] at pg. 8.

[26] [Docs. 38, 121].

[27] [Docs. 118, 119, 126, 133].

[28] [Doc. 137] (filed October 9, 2012).

[29] [Doc. 131] (filed September 13, 2012).

Lake Charles, Louisiana, this 20 day of December 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

9