RECEIVED
IN LAKE CHARLES, LA

FEB 14 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JALAL-UDDIN SAEED and ASSOCIATES IN DEVELOPMENT | : | DOCKET NO.2:12CV2278 |
| VS. | : | JUDGE MINALDI |
| BENNETT-FOUCH ASSOCIATES, LLC, et al. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant, Sarah Helen Mitcham Lee's ("Lee"), Motion for Summary Judgment.[1]

This court issued a Memorandum Ruling (Rec. Doc. 150) finding that there is a live controversy between the plaintiffs and Lee, and ordering the plaintiffs to respond to the motion. The plaintiffs informed the court that they would not be filing an any additional arguments (Rec. Doc. 152). Lee then withdrew her Motion to Dismiss and re-urged her Motion for Summary Judgment (Rec. Doc. 153). The plaintiffs responded (Rec. Doc. 156) arguing that discovery had not begun and therefore a Motion for Summary Judgment is premature. Lee replied (Rec. Doc. 157) arguing that the case has been pending over two years, the plaintiffs have not specifically set forth why they have not conducted discovery, and the Motion for Summary Judgment can and should be heard. The plaintiffs then filed a Statement of Material Facts (Rec. Doc. 158).

---

[1] Originally Lee filed a Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for Summary Judgment (Rec. Doc. 131). However, Lee later withdrew (Rec. Doc. 157) her Motion to Dismiss.

## PROCEDURAL HISTORY

The plaintiffs initially filed this case in the Northern District of Texas against Bennett-Fouch Associates, LLC, Lee, Daniel Fouch, Donnie Bennett, Dennis Mitcham, K-5 Global, and "Does 1-10."[2] The plaintiffs voluntarily dismissed K-5 Global, and the court subsequently dismissed Donnie Bennett[3] and Daniel Fouch[4] after they filed successful motions to dismiss based on lack of personal jurisdiction and for failure to state a claim, respectively. While it has not been dismissed from this case, Bennett-Fouch Associates has filed a "Suggestion of Bankruptcy."[5] Dennis Mitcham has never filed an answer or any responsive pleadings.[6] Thus, Lee appears to be the only truly "active" defendant in this case.

On October 12, 2011, Lee filed a Motion to Dismiss for Lack of Personal Jurisdiction,[7] and then later amended her motion after some discovery had been conducted.[8] In her motion, she primarily argued for dismissal based on Northern Texas' lack of personal jurisdiction over her, but also noted that transfer to the U.S. Bankruptcy Court in the Western District of Louisiana would be proper and "efficient."[9] Her three reasons justifying transfer were that the plaintiffs were already

---

[2] Compl., [Doc. 1], Amended Compl., [Doc. 69].

[3] Order Granting Donnie Bennett's Rule 12(b)(2) Mot. to Dismiss, [Doc. 38].

[4] Order Granting Daniel Fouch's Rule 12(b)(6) Mot. to Dismiss, [Doc. 121].

[5] Bennet-Fouch Suggestion of Bankruptcy, [Doc. 10].

[6] *See generally* Docket Sheet for case no. 2:12-CV-2278.

[7] Mot. to Dismiss for Lack of Jurisdiction, [Doc. 39].

[8] Amended Mot. to Dismiss for Lack of Jurisdiction, [Doc. 72].

[9] [Doc. 72] at pg. 28.

2

in the process of collecting against the bankruptcy estate of K-5 Global in the Western District of Louisiana, Lee had participated in the bankruptcy case on K-5's behalf, and Louisiana had personal jurisdiction over her because she was a Louisiana resident.[10]

On August 28, 2012, the Northern District of Texas granted Lee's Motion to Dismiss for Lack of Personal Jurisdiction.[11] In the order, instead of dismissing the case without prejudice and instructing the plaintiffs that they could re-file, or else transferring the case, the court simultaneously "dismissed [the action] without prejudice" and ordered transfer of the case to the Western District of Louisiana, Lake Charles Division.[12] It noted that transfer was proper because "Ms. Lee is a citizen of Louisiana and K5 Global is a Louisiana corporation . . . [g]iven that Ms. Lee has requested this matter be transferred, transfer will be effectuated."[13] The case was transferred to this court on August 29, 2012.[14]

Because of the confusion about whether Lee was still a party to this action after the Northern District of Texas's order, Lee filed a Motion to Dismiss or Alternative Motion for Summary Judgment with this court on September 13, 2012.[15] A few weeks later, on October 9,

---

[10]*Id.*

[11]Order Granting Mot. to Dismiss and Transferring Case, [Doc. 122].

[12]*Id.* at pg. 7.

[13]*Id.* Upon transfer, the parties finished briefing on a Motion for Attorney's Fees, which had been filed on August 15, 2012 (right before transfer), and which is currently pending before Magistrate Judge Kay. Pls.' Mot. for Att'y's Fees and Costs, [Doc. 118].

[14]Note of District Case Transfer, [Doc. 123].

[15]Lee's Mot. to Dismiss or Alternatively Mot. for Summary. J., [Doc. 128]. As the pleading was deficient, Lee filed a corrected motion on September 24, 2012 [Doc. 131].

2012, the plaintiffs filed a Joint/Voluntary Motion to Dismiss this case under Fed. R. Civ. P. 41(a)(1).[16] Lee opposed this motion, filing a Motion to Strike Plaintiffs' Notice of Dismissal, arguing that the plaintiffs could not voluntarily dismiss their action because she had become "actively engaged in the defense of [her] suit" since she had filed the Motion to Dismiss or Alternative Motion for Summary Judgment.[17]

The plaintiffs then filed a response, arguing that the Northern District of Texas had dismissed this case without prejudice, and that the parties had only continued filing documents with this court in order to finish briefing on a pending motion for attorney's fees presently before Magistrate Judge Kay.[18] The plaintiffs contended that because the Northern District of Texas had dismissed the case without prejudice and they had not re-filed their claims against her in this court, Lee's subsequent Motion to Dismiss or Alternative Motion for Summary Judgment was a "nullity," and thus voluntary dismissal of all parties was proper under Rule 41(a)(1)(A)(I) since no defendant had ever filed an answer and Lee's summary judgment motion was null.[19]

In Lee's reply, she argued that her summary judgment motion was not null, because the Northern District of Texas' dismissal and transfer of the case essentially meant that the "Plaintiffs' complaint was re-filed in the Western District of Louisiana," which revived the plaintiffs' claims

---

[16] Pls.' Joint/Vol. Mot. to Dismiss, [Doc. 137].

[17] Lee's Mot. to Strike Pls.' Mot. to Dismiss, [Doc. 138]. Fed. R. Civ. P. 41(a)(1)(A)(I) states that "an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . "

[18] Resp. To Lee's Mot. to Strike, [Doc. 147], at pg. 1.

[19] Id., at pgs. 1-2.

against Lee and required her to timely either file an answer or a motion to dismiss/motion for summary judgment.[20] She argued that the plaintiffs' claims against her survived dismissal and transfer because the Northern District of Texas' order "was only interlocutory" and did not "expressly direct the entry of judgment in favor of Defendant Lee" or count as a "decision on the merits."[21] Relying on Fed. R. Civ. P. 54(b), she argued that because the plaintiffs did not ask the court to issue a Rule 54(b) certificate making the Northern District of Texas' ruling on Lee final, both the plaintiffs' claims against Lee and Lee's claims against the plaintiffs remain before this court.[22] This court issued a Ruling agreeing with Lee.

The issue now before the court is whether Lee's Motion for Summary Judgment is Premature.

## LAW AND ANALYSIS

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine dispute as to any material fact and that

---

[20] Lee's Reply to Pls.' Resp. to Mot. to Strike, [Doc. 148], at pg. 2. Assuming that the transfer of the case "revived" Lee's claims, Lee timely filed her motion within the 21 day limit to serve a response. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

[21] *Id.* at pg. 4-5.

[22] *Id.* Fed. R. Civ. P. 54(b) reads:

Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party. . . ." *Id.*

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. PriceMacemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary

judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson,* 106 S.Ct. at 2513; *Sobrino-Barrera v. Anderson Shipping Co., Ltd.,* 2011 WL 5245396, 2 (S.D.Tex.,2011).

A party may move for summary judgment "at any time until 30 days after the close of all discovery." Fed.R.Civ.P. 56(b). The plaintiff argues that Lee's Motion for Summary Judgment is premature because it is a "no-evidence" motion.[23] The plaintiffs argued that no party ever answered in this case, no court ever issued a scheduling order under Fed.R.Civ.P 16(b), and no Rule 26(f) conference has been held. Therefore the discovery period has not even begun.

In *Moore v. Willis Independent School Dist.,* 233 F.3d 871, 876 (5th Cir.2000) the court held that the district court did not abuse its discretion in granting summary judgment against the plaintiffs without first allowing them leave to depose the defendants (citations omitted). The Fifth Circuit said they would affirm unless the discovery decision is arbitrary or clearly unreasonable. *See id.* In affirming the grant of summary judgment against the plaintiffs in *Moore,* the court observed that the lawsuit had been pending for fourteen months before the summary judgment ruling and that the plaintiffs made only a "conclusional argument" that they should have been allowed further discovery, but did not state "what relevant evidence they expected to uncover with additional discovery."

In *United States ex rel. Taylor-Vick v. Smith,* 513 F.3d 228, 232 -233 ( 5th Cir. 2008), another case where the district court granted summary judgment before the completion of discovery, the court found that Vick had even less ground to stand on than did the *Moore* plaintiffs: her case

---

[23] Plaintiffs' Amended Response (Rec. Doc. 156, p. 1).

had been pending for three and a half years when summary judgment was granted; there is no indication in the record that Defendants had withheld documents improperly; and Vick could not cogently explain how paper records would succeed in proving her case where electronic records have failed. The court of appeal reasoned that the district court had no obligation to placate Vick by continuing discovery indefinitely. "All good things, including discovery, must come to an end." *See id.*

When discovery has begun, a party is required to state what additional discovery is necessary or uncompleted. If there is no reason to believe that further discovery would produce evidence creating a genuine issue of material fact, a judge does not abuse her discretion by precluding further discovery before granting summary judgment. *See Buras v. Highland Community Hosp.,* 432 Fed.App'x. 311, 314,( 5th Cir. 2011); *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.,* 992 F.2d 1398, 1401 (5th Cir.1993).

The above cases can be distinguished as the plaintiffs argue that, in the instant case, discovery has never begun. They argue that because there was never a Rule 16(b) scheduling order or a Rule 26(b) conference, there was no discovery. In *Jensen v. Snellings,* 841 F.2d 600, 607 ( 5th Cir. 1988), a securities fraud case, the court discussed the obligation to begin discovery. The court noted that the requirement of diligent inquiry imposes an affirmative duty upon the potential plaintiff. Plaintiff is not permitted a "leisurely discovery of the full details of the alleged scheme." *Klein v. Bower,* 421 F.2d 338, 343 (2d Cir.1970). A plaintiff who has learned of facts which would cause a reasonable person to inquire further must proceed with a reasonable and diligent investigation, and is charged

with the knowledge of all facts such an investigation would have disclosed.[24] *See In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1171 (5th Cir.1979); *Armstrong v. McAlpin,* 699 F.2d 79, 88 (2d Cir.1983). There is no indication in the case at bar that the plaintiffs sought discovery at any time to date.

This case was filed in the Northern District of Texas on May 27, 2011. Motions to Dismiss for Lack of Jurisdiction by co-defendants began to be filed as early as June, 2011. Lee filed a Motion to Dismiss in October, 2011. Lee's deposition was taken on February 2, 2012.[25] The court ordered the parties to submit a proposed scheduling order by March 22, 2012, but then vacated that order. There was a protective order issued controlling the use of confidential information obtained in discovery (Rec. Doc. 52). The plaintiffs filed to reopen and supplement Lee's deposition. The court granted that motion and Lee was deposed again in June 2012. The Texas court determined that the Western District of Louisiana had jurisdiction over Lee and this case was then transferred to this district in August of 2012. Upon the transfer of the case, there was confusion about whether the judge from Texas had dismissed Lee from the suit or whether he had simply transferred the case.

The court must view this record in its totality and, having done so, finds that discovery in the case has not yet begun. It is difficult to conduct discovery when the jurisdiction of the court has been challenged. The court limited the discovery in this case. There is no evidence in the record that either party sought discovery. There is no evidence that counsel for the plaintiffs and the defendants discussed a discovery plan. Accordingly,

---

[24] This discussion was in the context of determining whether the statute of limitations had run.

[25] The plaintiffs were authorized to only conduct the deposition of one witness, Lee, for the purpose of establishing jurisdiction in the Northern District of Texas.(Rec. Doc. 37).

The defendant's Motion for Summary Judgment will be denied as premature. The parties will be ordered to call Magistrate Judge Kay's office to set a scheduling conference within ten (10) days of the date of this order.

Lake Charles, Louisiana, this 13 day of February, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE